IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| A.D., by and through his parent L.D., ) | CIVIL NO. 12-00307 JMS-KSC |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTION FOR |
| ) | STAY OF ENFORCEMENT OF |
| vs. ) | OCTOBER 25, 2012 STAY PUT |
| ) | ORDER PENDING APPEAL |
| DEPARTMENT OF EDUCATION, ) | |
| STATE OF HAWAII, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER DENYING MOTION FOR STAY OF ENFORCEMENT OF OCTOBER 25, 2012 STAY PUT ORDER PENDING APPEAL**

**I. INTRODUCTION**

On October 25, 2012, the court granted Plaintiff A.D., by and through his parent L.D.'s ("Plaintiff") Motion under 20 U.S.C. § 1415(j) ("the Stay Put Order"), requiring Defendant Department of Education, State of Hawaii ("Defendant") to maintain Plaintiff's current educational placement at Loveland Academy during the pendency of these proceedings. *See A.D. v. Dep't of Educ.*, 2012 WL 5292865 (D. Haw. Oct. 25, 2012). On November 23, 2012, Defendant appealed the Stay Put Order, Doc. No. 38, and proceedings are now pending in the

Ninth Circuit Court of Appeals (Appeal No. 12-17610).[1]

On December 19, 2012 (almost two months after entry of the Stay Put Order), Defendant filed the instant Motion for Stay of Enforcement of the October 25, 2012 Stay Put Order Pending Appeal.  Doc. No. 53.  The court finds the matter suitable for decision without an oral hearing under Local Rule 7.2(d), and DENIES the Motion.

## II.  DISCUSSION

Defendant originally filed its Motion as seeking a Preliminary Injunction under Federal Rule of Civil Procedure 65, but Defendant clarified that it is seeking a stay of enforcement of the Stay Put Order, pending its appeal of that Order to the Ninth Circuit.  *See* Doc. No. 57.  Because Rule 65 does not apply, Plaintiff assumes that Federal Rule of Civil Procedure 62(c) is the proper Rule even if Rule 62(c) does not squarely apply to a request to stay a "stay-put" order.[2]  *See Marcus I. v. Dep't of Educ.*, 2012 WL 3686188, at *2-4 (D. Haw. Aug. 24, 2012) (analyzing different provisions of Federal Rule of Civil Procedure 62 when

---

[1] The record reflects that Defendant filed its Opening Brief on December 21, 2012. Ninth Cir. Dkt. No. 9 (No. 12-17610).

[2] Federal Rule of Civil Procedure 62(c) (entitled "Injunction Pending an Appeal") provides in pertinent part:  "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."

concluding that a stay of a stay-put order was not warranted). A stay-put order under 20 U.S.C. § 1415(j) is often referred to as an "automatic injunction," *Joshua A. v. Rocklin Unified Sch. Dist.*, 559 F.3d 1036, 1037 (9th Cir. 2009), even though it enters without considering the four-factor analysis required under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008).[3] Characterized as an "automatic injunction," Defendant's Motion fits most closely within Rule 62(c). (And regardless of which provision of Rule 62 applies, the court would apply the same standards to determine whether to stay the Stay Put Order.)

Under Rule 62(c), a district court "retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Natural Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). "Rule 62(c) does not restore jurisdiction to the district court to adjudicate anew the merits of the case," and the "district court's exercise of jurisdiction should not materially alter the status of the case on appeal." *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (internal citations omitted).

> A stay [pending appeal] is not a matter of right. . . . It is instead "an exercise of judicial discretion" . . . [that] "is

---

[3] And to be clear, Defendant did not previously ask this court to apply the *Winter* factors and the court remains of the view that, under the posture of this case, 20 U.S.C. § 1415(j)'s clear directive applies -- Plaintiff must remain in his "current educational placement" pending his substantive challenge. That is, Defendant is *not* appealing from an order granting a motion for preliminary injunction brought under Rule 65.

>dependent upon the circumstances of the particular case." Judicial discretion in exercising a stay is to be guided by the following legal principles, as distilled into a four factor analysis[]: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [this Court's] discretion."

*Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)).  The court next applies these factors.

As explained in detail in the Stay Put Order, the posture of this case fits squarely within 20 U.S.C. § 1415(j)'s clear directive.  *See Honig v. Doe*, 484 U.S. 305, 323 (1988); *Rocklin Unified Sch. Dist.*, 559 F.3d at 1040.  "Plaintiff has made a genuine, bona fide challenge to the D.O.E.'s ineligibility determination (even if the Ninth Circuit ultimately determines that Act 163 and Hawaii's practices do not violate the IDEA)."  *A.D.*, 2012 WL 5292865, at *8.  Defendant is not likely to succeed on the merits.

As for Defendant's new argument that the court should have applied a preliminary injunction standard (not the "automatic injunction" standard set forth in *Rocklin*), the court disagrees that *Johnson v. Special Education Hearing Office*, 287 F.3d 1176 (9th Cir. 2002), requires a preliminary injunction standard under the

facts of this case.  *Johnson* was seeking to modify a *preexisting* stay put placement, not to institute stay put pending a legitimate challenge to a placement decision.  Moreover, Defendant should have made this argument in opposition to the Stay Put Motion itself (which it did not do) -- not in this Motion to Stay the Stay Put Order.  Considering such new substantive arguments in detail at this stage would convert a motion to stay into a motion for reconsideration.

The court also disagrees with Defendant's argument that Plaintiff will not be irreparably injured if the court stays enforcement of the Stay Put Order.  Indeed, the very purpose of stay put relief under § 1415(j) is to avoid "risk of irreparable harm inherent in the premature removal of a disabled child to a potentially inappropriate educational setting [and thus] the stay put provision acts as a powerful protective measure to prevent disruption of the child's education throughout the dispute process."  *Rocklin*, 559 F.3d at 1040.  "A stay of the stay-put order would have the same effect as a ruling by this court that [Plaintiff] is not entitled to stay-put."  *Marcus I.*, 2012 WL 3686188, at *4.

On the other hand, Defendant should not be unduly injured by keeping Plaintiff in the same educational placement at Loveland, where he had been attending during the preceding fourteen years.  And the public interest is best served by Defendant complying with the mandates of the Individuals with

Disabilities Education Act (and § 1415(j) in particular) as this court ordered in the Stay Put Order.

"Of utmost concern to the court is the recognition that staying the stay-put order would contravene the purpose of the stay-put statute." *Marcus I.*, 2012 WL 3686188, at *5. Accordingly (regardless of which provision of Rule 62 applies), Defendant's request to stay the October 25, 2012 Stay Put Order fails to meet the four-part standard under *Nken*, 556 U.S. at 433-34.

### III.  CONCLUSION

Weighing the necessary factors, the court declines to stay enforcement of the Stay Put Order pending Defendant's appeal. Defendant's Motion for Stay of Enforcement of the October 25, 2012 Stay Put Order Pending Disposition of Appeal to the Ninth Circuit, Doc. No. 53, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 7, 2013.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*A.D. v. Dep't of Educ.*, Civ. No. 12-00307 JMS-KSC, Order Denying Motion for Stay of Enforcement of Stay Put Order Pending Appeal