IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| A.D., by and through his parent L.D., | ) | CIVIL NO. 12-307 JMS-KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART PLAINTIFF'S |
| vs. | ) | SECOND MOTION FOR |
| | ) | ATTORNEY'S FEES AND |
| DEPARTMENT OF EDUCATION, | ) | RELATED NONTAXABLE |
| STATE OF HAWAII, | ) | EXPENSES |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR ATTORNEY'S FEES AND RELATED NONTAXABLE EXPENSES

## I.  INTRODUCTION

Before this court is Plaintiff A.D., by and through his parent L.D.'s

("Plaintiff") Second Motion for Attorney's Fees and Related Nontaxable Expenses

("Motion for Attorney's Fees").  Doc. No. 100.  For reasons discussed below, the

Motion is GRANTED in part and DENIED in part.

## II.  BACKGROUND

On May 31, 2012, Plaintiff filed a Complaint pursuant to 20 U.S.C.

§ 1415(i)(2) of the Individuals with Disabilities Education Act ("IDEA"), seeking

judicial review of two May 15, 2012 decisions of an administrative hearings

officer.  The first administrative decision denied Plaintiff's Motion for Stay Put, which sought an order that Plaintiff be allowed to remain at his current educational placement at Loveland Academy ("Loveland") pending his concurrent administrative Request for Due Process Hearing challenging Defendant Department of Education, State of Hawaii's ("Defendant" or "D.O.E.") denial of his request for continued special education and related services after he reached age twenty.  Doc. No. 9-3, Pl.'s Ex. A.  The second administrative decision denied Plaintiff's Motion for Summary Judgment and granted Defendant's Motion to Dismiss that underlying administrative challenge.  Doc. No. 9-6, Pl.'s Ex. 6.

The Complaint asserted four claims:  (1) Plaintiff is "eligible for special education and related services until 22 years of age," Doc. No. 1, Compl. at 10; (2) Defendant is estopped from denying Plaintiff's eligibility, *id.*; (3) discrimination "in violation of Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794," *id.* at 11; and (4) "Defendant is obligated to pay [Plaintiff's] tuition to Loveland Academy during the pendency of [this action]." *Id.*  By this action, Plaintiff sought continued placement at Loveland during the pendency of the action, or until placement is lawfully changed or Plaintiff becomes

twenty-two years of age.[1]  *Id.* at 12.

On July 23, 2012, Plaintiff filed a Motion for Stay Put.  Doc. No. 9.

With regard to the stay put issue, Plaintiff both (1) appealed the hearings officer's

decision denying stay put, and (2) filed a new request for stay put at the district

court level.  On October 25, 2012, this court granted Plaintiff's Motion for Stay Put

requiring Defendant to maintain Plaintiff's current educational placement at

Loveland during the pendency of these proceedings.  Doc. No. 31, Order Granting

Plaintiff's Motion for Stay Put, *A.D. ex rel. L.D. v. Dep't of Educ., Haw.*, 2012 WL

5292865 (D. Haw. Oct. 25, 2012) (the "Stay Put Order").  On November 23, 2012,

Defendant appealed the Stay Put Order, Doc. No. 38.

On November 8, 2012, this court issued an Order Staying Proceedings

Pending a Decision in *E.R.K. ex rel. R.K. v. Department of Education* (9th Cir. No.

12-16063) ("Order Staying Proceeding"), a class action challenging the D.O.E.'s

denial of special education and related IDEA services for otherwise eligible

individuals between the ages of twenty and twenty-two.  Doc. No. 35.  That is,

*E.R.K.* presented the same age out issue raised in this case and was already pending

before the Ninth Circuit.  The Order Staying Proceeding clarified that the "stay

---

[1]  Plaintiff turned twenty-two in May 2013.  Doc. No. 1, Compl. at 2.

3

[applied] only to further proceedings on the merits, [but] would not preclude Plaintiff from seeking an interim award of attorney's fees." *Id.* at 5.

On November 8, 2012, Plaintiff filed a Motion for Attorney's Fees and Related Nontaxable Expenses ("Interim Fee Motion").  Doc. No. 34. Magistrate Judge Kevin S.C. Chang issued a Findings and Recommendation in which he determined that Plaintiff is a prevailing party with respect to the stay put issue, recommended that interim fees be awarded only in connection with stay put due to the pending status of the remaining claims, and directed Plaintiff to file supplemental time sheets setting forth only those hours spent on stay put.  Doc. No. 63, Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Attorney's Fees and Related Nontaxable Expenses ("F&R") at 12, 24-25.  On February 22, 2013, Magistrate Judge Chang recommended that Plaintiff be awarded $20,963.34 in attorney's fees related to obtaining stay put.  Doc. No. 74, Supplement to F&R, at 14.  Plaintiff filed Objections to the Supplement to F&R on February 28, 2013.  Doc. No. 75.  Thereafter, the Ninth Circuit set a June 12, 2013 hearing date for the *E.R.K.* appeal and Defendant's appeal of the Stay Put Order. *See* Doc. No. 80, Status Report.  Thus, with the parties' consent, on May 2, 2013, Plaintiff's Objections were deemed premature without prejudice to being reinstated after the Ninth Circuit issued its Mandate, and the Objections were

4

administratively terminated.  Doc. No. 82, Minutes.

Meanwhile, the parties continued to battle over enforcement of the

Stay Put Order.[2]  On August 14, 2013, the Ninth Circuit affirmed the Stay Put

---

[2]  The following motions and orders, along with appropriate responses from each side, were filed in relation to enforcement of the Stay Put Order:

(1)     on December 3, 2012, Plaintiff filed a Motion for Writ of Execution, Doc. No. 45;

(2)     on December 19, 2012, Defendant filed a Motion to Stay Enforcement of the Stay Put Order, Doc. No. 53;

(3)     on December 21, 2012, Magistrate Judge Chang filed an Order denying the Motion for Writ as premature given the filing of the December 19, 2012 Motion to Stay Enforcement.  Doc. No. 56;

(4)     on December 28, 2012, Plaintiff appealed the December 21, 2012 Order, Doc. No. 60;

(5)     on January 7, 2013, this court denied the Motion to Stay Enforcement, Doc. No. 62;

(6)     on January 18, 2013, this court denied the appeal of the Order denying Motion for Writ, but because the Motion to Stay Enforcement was denied, remanded the Order denying Motion for Writ for renewed consideration, Doc. No. 64;

(7)     on February 7, 2013, a Stipulation and Order was filed withdrawing the Motion for Writ due to Defendant's payment of most of the outstanding balance due under the Stay Put Order.  Doc. No. 70;

(8)     on May 28, 2013, Plaintiff filed a Motion (1) for a Temporary Restraining Order and Preliminary Injunction, and (2) for Leave to File a First Amended Complaint, seeking compensation for a period of time when Plaintiff did not attend Loveland on account of Defendant's failure to provide stay put, Doc. No. 83; and

(9)     on May 29, 2013, during a status conference, the parties agreed to maintain the status quo until the Motion for Preliminary Injunction could be heard, thereby rendering the Motion for Temporary Restraining Order moot; the court directed Plaintiff that in lieu of filing an Amended Complaint, he should file a separate action; and the Motion for Preliminary Injunction was terminated in this action and set for hearing on June 7, 2013, in the separate action (Civ. No. 13-00274 JMS-KSC).  Doc. No. 86.

(continued...)

Order, *see A.D. ex rel. L.D. v. Haw. Dep't of Educ.*, 727 F.3d 911, 916 (9th Cir. 2013), and the Mandate was issued on September 6, 2013.  Doc. No. 89.  On August 28, 2013, the Ninth Circuit issued its *E.R.K.* decision, requiring the D.O.E. to provide special education and related services to all IDEA eligible students until the age of twenty-two.  *E.R.K. ex rel. R.K. v. Haw. Dep't of Educ.*, 728 F.3d 982, 993 (9th Cir. 2013).  On September 30, 2013, Plaintiff withdrew the Interim Fee Motion.  Doc. No. 91.

On November 14, 2013, this court issued an Order Granting in Part and Denying in Part Plaintiff's Motion to Lift Stay and for Judgment on the Pleadings ("November 14 Order").  Doc. No. 97.  The November 14 Order lifted the stay, dismissed the first, second and third claims as moot in light of *E.R.K.*, and determined that Plaintiff was entitled to judgment as to the fourth claim (for stay put).  *Id.* at 7-8.  Judgment was entered on November 14, 2013.  Doc. No. 98.

On November 27, 2013, Plaintiff filed a new Motion for Attorney's Fees, Doc. No. 100, and a Statement of Consultation on December 11, 2013.  Doc. No. 101.  Defendant filed an Opposition on December 30, 2013, Doc. No. 106, and

---

[2](...continued)
And on July 31, 2013, in a separate administrative action,  Plaintiff was granted an award of compensatory education at Loveland through the end of the 2014 school year for Defendant's failure to provide stay put at Loveland between July 1, 2012 and February 7, 2013.  *See* Doc. No. 93-2, Appendix at 23-24.  Defendant did not challenge that award and that ruling is not contested here.

Plaintiff filed a Reply on January 6, 2014.  Doc. No. 107.  Pursuant to Local Rule

7.2(d), the court finds this matter suitable for disposition without a hearing.

### III.  DISCUSSION

Plaintiff seeks a total award of $132,665.92.[3]  Doc. No. 107, Reply at

16.  Defendant does not dispute Plaintiff's entitlement to a fee award, but argues

that the award should be far less.  Defendant contends that the requested hourly

rate is excessive, and that the requested hours are not reasonable given Plaintiff's

success only on the fourth claim for stay put.  Defendant argues that the court

should limit an award to the interim fees Magistrate Judge Chang recommended in

the Supplement to F&R.  The court will set forth the legal standard and then

address Defendant's objections.

**A.     Entitlement to an Award of Attorneys' Fees**

**1.     *Legal Framework***

The IDEA provides that a court "may award reasonable attorneys'

fees as part of the costs . . . to a prevailing party who is the parent of a child with a

disability."  20 U.S.C. § 1415(i)(3)(B).  A prevailing party is a party who

"achieve[s] some material alteration of the legal relationship of the parties . . . that

---

[3]  The figure includes $127,535.03 requested in the Motion for Attorney's Fees and an additional $5,130.89 requested for work incurred after the Motion was filed.  Doc. No. 107, Reply at 16.

[is] . . . judicially sanctioned." *Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist.*, 374 F.3d 857, 865 (9th Cir. 2004) (applying the definition of prevailing party set forth in *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Res.*, 532 U.S. 598 (2001), to attorney fee awards pursuant to the IDEA) (citation and quotation marks omitted).

When application of the stay put provision is disputed, and a court order providing relief resolves such dispute in a manner that alters the legal relationship between the parties, the party obtaining such relief is deemed "prevailing" for purposes of IDEA attorney fee awards. *See Dep't of Educ. v. C.B. ex rel. Donna B.*, 2013 WL 704934, at *4-7 (D. Haw. Feb. 26, 2013) (adopting recommendation to award attorney fees where plaintiffs prevailed in "vigorously contested" dispute over application of stay put provision); and *Laster v. Dist. of Columbia*, 2006 WL 2085394, at *3 (D.D.C. Jul. 25, 2006) (finding that plaintiffs were prevailing parties where the complaint requested stay put relief and the court granted plaintiffs' motion for stay put injunction).

///

///

///

8

### 2.     *Plaintiff is a Prevailing Party*

Here, the parties do not dispute that Plaintiff prevailed on the issue of stay put, having obtained some relief on the merits, *i.e.*, judgment on the fourth claim for stay put.  The court agrees.  The issue of whether, and for what period of time, Plaintiff was entitled to stay put was vigorously disputed, and the Stay Put Order resolved that dispute in a manner that significantly altered the legal relationship between the parties.  Defendant had stopped making payments to Loveland after July 31, 2011.  The Stay Put Order required Defendant to restore payments from August 1, 2011, and continue to pay for Plaintiff's placement at Loveland during the pendency of this action or until he became twenty-two years of age.  Stay Put Order, 2012 WL 5292865, at *7.  And the issue of stay put is a significant issue.  *See J.O. ex rel. v. Orange Tp. Bd. of Educ.*, 287 F.3d 267, 274 (3d Cir. 2002) ("The maintenance of a child's educational placement is an important aspect of the IDEA. . . . [T]he stay-put provision is a critical means of enforcing [the] IDEA's primary goals of providing an appropriate education to children with disabilities and preventing the unilateral exclusion of students with disabilities from school.").  The court finds that Plaintiff is a prevailing party and is entitled to an award of attorney's fees.

**B.   Lodestar Framework**

Reasonable attorneys' fees in IDEA cases are determined by applying the general lodestar calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  *See, e.g.*, *Aguirre v. LA Unified Sch. Dist.*, 461 F.3d 1114, 1121 (9th Cir. 2006) (applying "the standards set forth . . . in *Hensley* and its progeny" to an award of attorney fees in IDEA cases).  The lodestar is calculated by multiplying "a reasonable hourly rate" by "the number of hours reasonably expended on the litigation."  *Hensley*, 461 U.S. at 433.  The court then must decide whether to adjust the lodestar amount based on an evaluation of those factors articulated in *Kerr v. Screen Extra Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), which have not been already subsumed in the lodestar calculation.  *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citations omitted).  The *Kerr* factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70.  The first five factors are subsumed in the lodestar

calculation.  *See Morales v. City of San Raphael*, 96 F.3d 359, 364 n.9 (9th Cir.

1996).  In addition, the sixth factor may not be considered in adjusting the lodestar

calculation.  *See Black v. City and County of Honolulu*, 512 Fed. Appx. 666, 670

(9th Cir. 2013) (citing *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536,

1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir.

1993)).  Once calculated, the lodestar is presumptively reasonable.  *See*

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728

(1987); *see also  Fischer*, 214 F.3d at 1119 n.4 (explaining that the lodestar should

be adjusted only in rare and exceptional cases); *Morales*, 96 F.3d at 364 n.9

("Adjusting the lodestar on the basis of subsumed reasonableness factors after the

lodestar has been calculated, instead of adjusting the reasonable number of hours

or reasonable hourly rate at the first step . . . is a disfavored procedure.") (citations

and quotations omitted).

Plaintiff seeks the following fees:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| John Dellera | $400.00 | 316.74 | $126,696.00 |
| General Excise Tax of 4.712% | | | $5,969.92 |
| **Total** | | | **$132,665.92** |

## C.     Reasonable Hourly Rate

### 1.     *Legal Standard*

In determining whether an hourly rate is reasonable, courts consider the experience, skill, and reputation of the attorney requesting fees.  *See Webb v. Ada Cnty.*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  A reasonable hourly rate will reflect the prevailing market rates in the community for attorneys "of reasonably comparable skill, experience, and reputation" doing similar work.  *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) ("Although the state officials urge us to look only to the rates charged by other attorneys involved in prison litigation, the proper scope of comparison is not so limited, but rather extends to all attorneys in the relevant community engaged in equally complex Federal litigation, no matter the subject matter.") (citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984) (internal quotation marks omitted)); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992), *as amended on denial of reh'g*, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"); and 20 U.S.C. § 1415 (specifying that fees awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished").  The fee applicant must provide evidence that the requested rate is reasonable.  *See S.E.C. v. Gemstar-TV Guide*

12

*Intern.,* Inc., 401 F.3d 1031, 1056 n.8 (9th Cir. 2005) (citing *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987)).

### 2. *Application*

Plaintiff requests an hourly rate of $400 for John Dellera. Plaintiff's counsel submitted the following evidence: (1) he was admitted to the New York bar in 1970, Doc. No. 100-2, Dellera Decl. ¶ 2; (2) he has litigated over three hundred cases in state and federal courts in Hawaii and New York, while in government service and private practice, and on a range of topics including, but not limited to, disability discrimination, a class action involving public employee union health insurance subsidies, constitutional and federal statutory violations, state procurement codes, and freedom of information law, *id.* ¶¶ 2, 4; (3) a chart of the rates of select other local attorneys, along with the year each was admitted to the bar,[4] Doc. No. 100-1, Pl.'s Mot. at 26; (4) declarations of local attorneys Robert

---

[4] Plaintiff provided the following chart:

| Attorney | Admitted | Hourly Rate | Citation |
|---|---|---|---|
| Paul Alston | 1971 | $450 | *Kaleikini v. Yoshioka* (May 2, 2013) |
| Stanley Levin | 1972 | $300 | D. Haw. Civ. No. 12-9 (Dec 31, 2012) |
| David Kimo Frankel | 1992 | $300 | *Kaleikini v. Yoshioka* (May 2, 2013) |

(continued...)

13

E. Badger and Eric A. Seitz recommending the requested hourly rate, Doc. Nos.
100-7 & 100-8; and (5) various commendations received for the quality of Mr.
Dellera's work.  Doc. No. 100-5, Pl.'s Ex. B.

Defendant urges the court to reduce Mr. Dellera's requested rate
because, despite the length of his legal career, he has litigated IDEA cases in
Hawaii for only four and one-half years, and has previously been awarded an
hourly rate of $275 in this district for such work.  Doc. No. 106, Def.'s Opp'n at 3
(citing *I.T. ex rel v. Renee T. v. Dep't of Educ., Haw.*, 2013 WL 419016, at *3 (D.
Haw. Jan. 31, 2013).  Defendant further contends that based on Plaintiff's chart,
the upper range for local counsel in IDEA cases is $285 to $300 per hour.  *Id.* at 4-
6.  Defendant then disputes comparison of Mr. Dellera to Paul Alston, who has
been awarded an hourly rate of $450.

The court is familiar with the prevailing rates in the community for
IDEA cases as well as other federal litigation of a similarly complex nature.  The

---

[4](...continued)

| Jerel Fonseca | 1982 | $285 | D. Haw. Civ. No. 11-676 (Nov 30, 2012) |
| Carl M. Varady | 1988 | $285 | D. Haw. Civ. No. 12-355 (Apr 30, 2013) |
| Pamela W. Bunn | 1995 | $270 | D. Haw. Civ. No. 10-691 (Aug 27, 2012) |

court recognizes that although Mr. Alston has received a higher hourly rate, this is not typical for local attorneys with Mr. Dellera's litigation experience.  Therefore, it is not helpful to a determination of Mr. Dellera's rate.

Based on the court's knowledge of the rates and experience of local counsel, the evidence provided by Plaintiff, Mr. Dellera's reputation in the local legal community, the high quality of representation provided by Mr. Dellera, and consideration of the parties' positions, the court finds a reasonable hourly rate for Mr. Dellera to be $300.

## D.    Hours Reasonably Expended

### 1.    Legal Standard

The prevailing party bears the burden of proving that the fees sought are associated with the relief requested and are reasonably necessary to achieve the results obtained.  *See Tirona v. State Farm Mut. Auto. Ins. Co.*, 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  Counsel should exclude from a request time spent that was "excessive, redundant, or otherwise unnecessary."  *Gonzales v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (citation omitted).  The opposing party then bears the "burden of rebuttal that requires submission of evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted by the fee applicant in its submitted affidavits."  *Seven Signatures*

*Gen. P'ship v. Irongate Azrep BW LLC*, 871 F. Supp. 2d 1040, 1055 (D. Haw.

2012) (citing *Gates*, 987 F.2d at 1397-98).

        The court must explain how it determined a reasonable fee award, but

it need not set forth an hour by hour analysis of the fee request. *Gates*, 987 F.2d at

1398-99. A clear, but "somewhat cursory explanation will suffice" for "relatively

small" adjustments, but where larger adjustments are made, "a more specific

articulation of the court's reasoning is expected." *Carter v. Caleb Brett LLC*,

___F.3d___, 2014 WL 350087, at *1 (9th Cir. Feb. 3, 2014) (quoting *Moreno v.*

*City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)). The court may make a

percentage reduction either to the hours claimed or in the final lodestar figure "as a

practical means of trimming the fat from a fee application." *Gates*, 987 F.2d at

1399 (quotation and citations omitted); *cf. Morales*, 96 F.3d at 364 n.9 (explaining

that the preferred method is to adjust hours claimed and not the final lodestar

figure). And the court may "impose a small reduction, no greater than 10 percent -

- a 'haircut' -- based on its exercise of discretion and without a more specific

explanation." *Gonzales*, 729 F.3d at 1203 (quoting *Moreno*, 534 F.3d at 1112).

        "[T]he extent of a [prevailing party's] success is a crucial factor in

determining the proper amount of an award of attorney's fees[.]" *Hensley*, 461

U.S. at 440. Where a plaintiff "obtain[s] essentially complete relief," counsel is

"entitled to an award of fees for all time reasonably expended in pursuit of the ultimate result achieved."  *Id.* at 431 (internal quotation marks omitted).  However, where a plaintiff obtained only limited success

> two questions must be addressed.  First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded?  Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

*Id.* at 434.  The Ninth Circuit has interpreted *Hensley* as establishing the general rule that:

> plaintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit.  Thus, even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims.

*Cabrales v. Cnty. of L.A.*, 935 F.2d 1050, 1052 (9th Cir. 1991) (citing *Hensley*, 461 U.S. at 435; *see also Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (reasoning that where claims are related, "[m]uch of counsel's time will be devoted generally to the litigation as a whole. . . .  Such a lawsuit cannot be viewed as a series of discrete claims").

Applying this framework, courts within the Ninth Circuit, including this district, have reduced attorney fee awards in IDEA cases by an across-the-board percentage to account for limited or partial success where successful and

unsuccessful claims were prosecuted to a determination on their merits.  For example, in *C.B. ex rel. Donna B.*, the district court reduced fees by 50% because roughly half of the hours expended were spent on a due process claim that the plaintiff litigated to its conclusion and lost.  Similarly, in *Natalie M. ex rel David M. v. Department of Education, Hawaii*, 2007 WL 2110510 (D. Haw. July 19, 2007), this court reduced fees by 30% where the plaintiff obtained a favorable ruling regarding FAPE, but her request for reimbursement was denied.  2007 WL 2110510, at * 7.

### 2. *Application*

Plaintiff seeks fees for a total of 316.74 hours as follows:  (1) 96.3 hours expended litigating the administrative proceeding; (2) 208.19 hours for work litigating in this court up to and including filing the instant Motion for Attorney's Fees; and (3) 12.25 hours spent in connection with the instant fee request after the Motion for Attorney's Fees was filed.   The court first addresses whether Planitff's degree of success warrants a reduction, and then turns to specific time entries.

### a. *Degree of Success*

Defendant argues that the hours requested far exceed those necessary to obtain success on stay put.  Doc. No. 106, Def.'s Opp'n at 9.  For example, Defendant contends that stay put was "granted on an automatic injunction

standard,"[5] and that Plaintiff fails "to explain how any of its subsequent

expenditures altered the legal relationship between the parties as it existed

following issuance of the [Stay Put] Order." *Id.* at 11. Defendant further contends

that in the Supplement to F&R,[6] this court already determined a reasonable fee

award based on the issue of stay put. *Id.* at 11-12. In short, Defendant objects to

any time that was not directly spent obtaining the Stay Put Order. *Id.* at 13-14.

The court disagrees.

Plaintiff's primary objective throughout this case was to remain at

Loveland during the pendency of his due process claims, until his placement was

lawfully changed, or he aged out. Doc. No. 1, Compl. at 12. To achieve that

objective, Plaintiff had to concurrently assert and attempt to prosecute his due

process claims challenging Defendant's denial of a FAPE to students between ages

---

[5] Defendant's current characterization of the stay put litigation involving merely an "automatic" injunction is both disappointing and disingenuous. Before this court and the Ninth Circuit, Defendant vigorously contested the application of stay put on the basis that Plaintiff had exceeded a state-imposed age limit for IDEA eligibility. Defendant utterly fails to explain why it fought so long and hard against the application of stay put in this court and the Ninth Circuit if it viewed its application as "automatic." In fact, had the D.O.E. had simply acknowledged the application of the "automatic injunction" standard earlier, much of this litigation would have been avoided.

[6] The Interim Fee Motion and all related motions, objections, responses, and replies, as well as the F&R and Supplement to F&R are not before this court. And the F&R and Supplement to F&R are neither rulings from this court, nor binding on the court's consideration of the instant Motion for Attorney's Fees. Accordingly, the court will discuss the Supplement to F&R only to the extent needed for context, and will not address any party's argument that was raised only in connection with the Interim Fee Motion and related matters.

twenty and twenty-two.  Stay put does not apply simply by asking for it -- it

applies while a student has a genuine challenge to a denial of FAPE (among other

circumstances).  *See, e.g.*, Stay Put Order, 2012 WL 5292865, at *8.  In other

words, Plaintiff's claim for stay put was based on the pendency of his due process

claims.  *See* 20 U.S.C. § 1415(j); *see also* Stay Put Order at 23 ("Plaintiff is

entitled to "stay put" while those challenges" -- "eligibility for IDEA services until

age twenty-two" -- "are pending.").

　　　　And unlike cases supporting across the board reductions, Plaintiff

neither lost, nor litigated his due process claims to a resolution by this court.

Instead, because a decision on the *E.R.K.* appeal would be binding on Plaintiff's

due process claims, this court issued the Order Staying Proceedings, thereby

staying litigation of those claims pending a ruling from the Ninth Circuit.  And

ultimately the Ninth Circuit decided the age-out issue in Plaintiff's favor, *see*

*E.R.K. ex rel. R.K.*, 728 F.3d at 993, rendering Plaintiff's due process claims moot.

　　　　Further, the time Plaintiff expended litigating the due process claims

was reasonably necessary to comply with court deadlines prior to resolution of stay

put and the Order Staying Proceedings.  *See* Doc. No. 14, Rule 16 Scheduling

Order (setting September 21, 2012 deadline for filing dispositive motions).  And

Plaintiff had to engage in significant litigation after the Order Staying Proceedings

in order to enforce the Stay Put Order.  Thus, although Plaintiff did not "prevail" on all claims in a final judgment, the non-stay put claims were directly related to the stay put relief such that the lawsuit cannot be viewed as "a series of discrete claims."  *Sorenson*, 239 F.3d at 1147.  And he obtained the practical relief he sought -- to remain at Loveland at Defendant's expense until age twenty-two.  Accordingly, the court finds that a percentage reduction for partial success is not appropriate.

> b.    *Specific reductions*

Defendant does not challenge specific time entries as unreasonable or improper.  Rather, Defendant argues that Plaintiff's award should be limited to $20,963.34, the amount recommended in the Supplement to F&R.  This court never ruled on those recommendations and therefore, Defendant's characterization of the Supplement to F&R as "this Court's February Fee Order" is inaccurate.  Doc. No. 106, Opp'n at 13.  Nevertheless, the court will address certain entries for which Plaintiff provided a more complete explanation and/or adjusted his instant request in response to the Supplement to F&R's recommended reductions.  In addition, the court reviewed Plaintiff's time sheets and imposes its own reductions.

///

///

21

i.     Clerical or ministerial tasks

The Supplement to F&R recommended a reduction of 16.9 hours for

clerical or ministerial tasks.  Doc. No. 74, Supplement to F&R, at 10.  Plaintiff

now explains that some of those entries were, in fact, legal work.  For example,

entries dated 12/20/11 and 4/21/12 initially described as "[a]ssemble exhibits" was

time spent for "research and drafting documents, not merely assembling

documents."  Doc. No. 107, Pl.'s Reply at 13.  In addition, Plaintiff addresses

entries dated 9/13/12 - 9/15/12 to "[p]repare and assemble Appendix . . . re-number

pages, covert PDF to Word, . . . word count certification, COS."  *Id.* at 12.

Plaintiff explains that the Appendix was prepared at the court's request for ease of

reference and "compiled materials from the [*E.R.K.*] class action and appeal."  *Id.*

Plaintiff contends that "[i]dentifying relevant portions of the record is a legal task[,

and that t]ime spent copying documents is not included in the time sheets."  *Id.*

Finally, Plaintiff clarifies that he deducted from the instant Motion for Attorney's

Fees 4.95 hours deemed clerical that were previously requested.

After a careful review of the time sheets, and consideration of

Plaintiff's explanations, the court finds that no clerical or ministerial tasks were

included in the instant Motion for Attorney's Fees.  Therefore, no reductions for

clerical or ministerial tasks are required.

22

ii.     Hours for attorney's fees are excessive

The court notes that Plaintiff is seeking fees for 51.7 hours expended in pursuit of both motions for attorney's fees.  Although Plaintiff fully briefed his entitlement to attorney's fees in the Interim Fee Motion and subsequent Objections to the F&R and the Supplement to F&R, he expended 26.05 hours of the requested 51.7 hours on the instant (Second) Motion for Attorney's Fees.  Of these 26.05 hours, Plaintiff seeks 13.8 hours for work prior to filing the Motion for Attorney's Fees and 12.25 hours for work expended after the instant Motion for Attorney's Fees was filed.  Plaintiff updated the hours spent in connection with the Interim Fee Motion as each new briefing was filed.  Consequently, given the lack of significant activity in this case following the administrative termination of Plaintiff's Objections, the court finds the total number of hours expended in connection with the instant Motion for Attorney's Fees to be excessive.  The court will deduct 10 hours.

iii.     Motion for TRO & preliminary injunction

Plaintiff seeks 3.84 hours (or 16% of the 24.2 hours itemized) expended between May 19, 2013 and May 29, 2013, in connection with a Motion (1) for a Temporary Restraining Order and Preliminary Injunction, and (2) for Leave to File a First Amended Complaint, filed May 28, 2013.  Doc. No. 83.  By

this Motion, Plaintiff sought to remain at Loveland beyond his twenty-second birthday as compensation for several months when Plaintiff did not attend Loveland because of Defendants' failure to provide stay put. Because the issue of a compensatory award was not part of the Complaint, the court directed Plaintiff to litigate this issue in a separate action. Doc. No. 86, Minutes. The Motion for Temporary Restraining Order was denied as moot, and the remaining issues were moved to that separate action. Plaintiff did not prevail on the Motions to File Amended Complaint or for Preliminary Injunction, and this work was not reasonably necessary to obtain or enforce stay put. Accordingly 3.84 hours will be deducted.

### iv. Motion for judgment on the pleadings

Plaintiff seeks 2.4 hours for work expended on his Motion to Lift Stay and for Judgment on the Pleadings. This represents 25% of the 9.6 hours itemized for this motion. Plaintiff explains that this voluntary reduction is to account for his partial success in obtaining judgment on only the fourth claim. The court concurs with Plaintiff's voluntary reduction.

### c. *Total reasonable hours*

Based on the foregoing, the court deducts 13.84 hours from the requested 316.74 for a total of 302.9 hours reasonably expended.

### E.    Final Lodestar Calculation

Based on the foregoing, the court finds Plaintiff has established the appropriateness of the following attorney's fees:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| John Dellera | $300 | 302.9 | $90,870.00 |
| General Excise Tax of 4.712% | | | $4,281.79 |
| TOTAL | | | $95,151.79 |

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Attorney's Fees is GRANTED in part and DENIED in part.  Plaintiff is awarded $95,151.79 in attorney's fees and nontaxable expenses.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 20, 2014.



     /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*A.D. v. Dep't of Educ.*, Civ. No. 12-307 JMS-KSC, Order Granting in Part and Denying in Part Plaintiff's Second Motion for Attorney's Fees and Related Nontaxable Expenses